UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Arnik Rodriguez,

Plaintiff,

v.

Diversified Adjustment Service, Inc,
and
Nicole Alexandra Olila,

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

PARTIES

4. Plaintiff Arnik Rodriguez (hereinafter "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Adjustment Service, Inc. (hereinafter "Defendant Diversified") is a "debt collector" as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant Diversified operates from an address of 600 Coon Rapids Blvd, Coon Rapids, MN 55433.

6. Defendant Nicole Alexander Olila (hereinafter "Defendant Olila") is a "debt collector" as defined by § 1692a(6) of the FDCPA, as she uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant Olila is an employee of Defendant Diversified.

## FACTUAL SUMMARY

7. Sometime prior to October 25, 2022, Plaintiff allegedly incurred a debt with Regions Hospital, a non-party in the instant case.

8. Upon information and belief, the debt was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime prior to October 25, 2022, the debt was assigned, sold or otherwise transferred to Defendant Diversified to collect.

10. On October 25, 2022, Plaintiff spoke on the phone with Defendant Diversified and notified it that Plaintiff was represented by an attorney with regard to the debt.

11. On October 25, 2022, Defendant Olila, acting on behalf of Defendant Diversified, called Plaintiff via phone. Plaintiff notified Defendant Olila that he was represented by an attorney with regard to the debt.

12. On October 31, 2022, Defendant Olila, acting on behalf of Defendant Diversified, called Plaintiff again via phone, in violation of 15 U.S.C. § 1692c(a)(2). Plaintiff notified Defendant Olila that he was still represented by an attorney with regard to the debt, and that this status had not changed.

13. On November 3, 2022, Defendant Olila, acting on behalf of Defendant Diversified as part of its ongoing unlawful collection campaign against Plaintiff, called Plaintiff a third time via phone, in violation of 15 U.S.C. § 1692c(a)(2).

14. On November 15, 2022, Defendant Olila, acting on behalf of Defendant Diversified as part of its ongoing unlawful collection campaign against Plaintiff, called Plaintiff a fourth time via phone, in violation of 15 U.S.C. § 1692c(a)(2).

15. On November 16, 2022, Defendant Olila, acting on behalf of Defendant Diversified as part of its ongoing unlawful collection campaign against Plaintiff, called Plaintiff a fifth time via phone, in violation of 15 U.S.C. § 1692c(a)(2).

16. By calling Plaintiff five times after being informed over-the-phone that Plaintiff was represented by an attorney, Defendants communicated with Plaintiff after knowing that he was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2).

17. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of emotional distress and embarrassment.

DAMAGES

18. Defendants infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal, and unfair debt collection practices.

19. Defendants caused Plaintiff emotional distress and embarrassment.

20. The conduct of Defendants constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(2).

RESPONDEAT SUPERIOR LIABILITY

21. The acts and omissions of Defendant Olila and/or the other debt collectors employed as agents by Defendant Diversified who communicated with Plaintiff – further described herein – were committed within the time and space limits of their agency relationship with their principal, Defendant Diversified.

22. The acts and omissions by Defendant Olila and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Diversified in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant Olila and any other debt collectors were motivated to benefit their principal, Defendant Diversified.

24. Defendant Diversified is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including Defendant Olila, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

STANDING

25. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

a. a valid injury in fact;

b. which is traceable to the conduct of Defendant;

c. and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

26. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

*The "Injury in Fact" Prong*

27. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

28. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendants engaged in violative deceptive and harassing conduct under the FDCPA. Such conduct and attempts to collect a debt are an invasion of Plaintiff's privacy, and caused emotional distress to Plaintiff.

29. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered emotional distress.

*The "Traceable to the Conduct of Defendant" Prong*

30. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendants.

31. In the instant case, this prong is met simply by the fact that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agent at the direction of Defendants.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

32. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

33. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the damages suffered by Plaintiff.

34. Furthermore, the award of monetary damages redresses the injuries of the past and prevents further injury by Defendants in the future.

35. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

CAUSES OF ACTION

COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq.*

ALL DEFENDANTS

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § *1692 et seq.*, with respect to Plaintiff.

39. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- Ordering Defendants to cease collection activities against Plaintiff;
- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 14, 2022

By: s/ Mark L. Vavreck________.
Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
Email: mvavreck@cgmvlaw.com

ATTORNEY FOR PLAINTIFF

VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

I, Arnik Rodriguez, declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to the Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

____________________________
Arnik Rodriguez